IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRION DAVIS, DAVID FAIRBURN
and CURTIS PARKER, Individually
and On Behalf of Others Similarly Situated,

        Plaintiffs,

v.                                                                           CIVIL ACTION NO. 3:11-0094

SKYLINK LTD.,
an Ohio Limited Liability Company,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the defendant's motion to dismiss the plaintiffs' proposed collective action complaint. [Doc. 11] For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

**I.    Background and Procedural History**

The defendant Skylink, LTD ("Skylink") is a limited liability company that provides satellite installation services for DirectTV in West Virginia and several surrounding states. Skylink hires installation and repair technicians to conduct its business. Rather than paying its technicians an hourly wage, Skylink utilizes a "point" system, which instead compensates on a per-job basis. Under this system, the rate of pay depends in large part on the type of work completed.

The named plaintiffs—Brion Davis, David Fairburn, and Curtis Parker—were each employed by Skylink as technicians during various periods from 2007 to 2009. On February 9, 2011, the plaintiffs filed a putative collective action in this Court alleging that Skylink has violated

various provisions of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201, *et seq.*, in that it (1) fails to keep adequate time records of employee work; (2) fails to pay overtime for work completed in excess of 40 hours per week; (3) fails to otherwise properly compensate employees; and (4) wrongfully classifies employees as "exempt" under the FLSA. The plaintiffs request both monetary and injunctive relief.

**II.     Discussion**

The plaintiffs seek to initiate this case as a collective action on behalf of themselves and all other similarly situated under § 216 of the FLSA. *See id.* § 216(b)-(c). To certify a collective action, the Court must generally ascertain at the threshold whether a putative class should be "conditionally certified" and whether potential class members are to be given notice for the opportunity to "opt-in" to the proposed class. *See Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004) (internal citations and quotation marks omitted).

Skylink's instant motion does not, however, address the propriety of certification of the plaintiffs' putative collective action. Instead, it challenges the legal sufficiency of the plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In ruling on a motion to dismiss for failure to state a claim, the factual allegations in the complaint must be taken in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."). However, the complaint must consist of more than mere

---

[1] The Court does not therefore at this point address whether the plaintiffs' proposed class should be conditionally certified.

"labels and conclusions," and contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).

Skylink contends that the plaintiffs are not entitled to pursue a private right of action for injunctive relief under the FLSA for their claims relating to overtime compensation. Second, it argues that there is similarly no private cause of action for violations of the FLSA's record-keeping provisions. Finally, it maintains that the plaintiffs fail to state a claim for violations of the FLSA's applicable overtime and minimum wage provisions, and for misclassification. The Court addresses each argument in turn.

### A. Injunctive Relief

Section 217 of the FLSA gives district courts jurisdiction to enter injunctive relief against an employers' violations of the Act. 29 U.S.C. § 217. Generally, the Secretary of Labor "may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to [the] Act . . . to determine whether any person has violated any provision of [the Act]." 29 U.S.C. § 211(a). The FLSA provides that the Secretary "shall bring *all* actions under section 217." *Id.* (emphasis added).

The plaintiffs' complaint requests that the Court issue an order "enjoin[ing] Defendants to cease and desist from their violations of the FLSA." Pls.' Compl. 7, No. 1. The crux of the plaintiffs' allegations concerns FLSA overtime violations. Under § 216(b), litigants may seek monetary relief under the FLSA's minimum wage and overtime provisions. *See* 29 U.S.C. § 216(b) (noting that any employer who violates the provisions in §§ 206 or 207 of the FLSA "shall be liable

to the employee[s] . . . in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Section 216(b), however, plainly does not include equitable relief as an available remedy in an employee suit for violations of the Act's overtime or minimum wage provisions. *See Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1336 n. 4 (11th Cir. 2002) (discussing § 216(b)). Indeed, Courts have generally held that the right to seek injunctive relief under these provisions rests exclusively with the Secretary. *See, e.g.*, *Howard v. City of Springfield*, 274 F.3d 1141, 1145 (7th Cir. 2001); *UFCW, Local 1564 of N.M. v. Albertson's*, Inc., 207 F.3d 1193, 1197-98 (10th Cir. 2000); *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998); *Indergit v. Rite Aid Corp.*, No. 08-civ-9361, 2010 U.S. Dist. LEXIS 32322, at *42-44 (S.D.N.Y. March 31, 2010); *cf. Bailey*, 280 F.3d at 1335 (distinguishing the remedies under § 216(b) for violations of the FLSA's anti-retaliation provisions and those available for violations of the wage and overtime provisions).

The plaintiffs have provided no authority that would compel the Court to reach a conclusion different than the many courts that have already addressed this question. Consequently, the Court **GRANTS** Skylink's motion to dismiss any request for injunctive relief.

### B. Record-Keeping

The plaintiffs contend that Skylink failed to keep or make adequate time records as required by the FLSA. *See* 29 U.S.C. § 211(c). Skylink argues that there is no private right of action under the FLSA's record-keeping provisions.

As already discussed with respect to the plaintiffs' right to seek injunctive relief, § 216 of the FLSA expressly grants employees limited private rights of action. Authority to enforce the FLSA's record-keeping provisions in § 211(c) rests with the Secretary. *See, e.g.*, *Elwell v. Univ.*

*Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002); *Barton v. Pantry, Inc.*, No. 1:04-cv-748, 2006 U.S. Dist. LEXIS 31290, at *11 (M.D.N.C. May 17, 2006). Section 217 authorizes the Secretary to initiate injunction proceedings to restrain violations of § 215. *See* 29 U.S.C. § 217. Further, § 215(a)(5) makes it unlawful for an employer to fail to comply with the record-keeping requirements contained in § 211(c). Thus, by extension, the Secretary maintains the only statutory authority to restrain violations of § 211(c). The FLSA contains no comparable provisions permitting employees to bring similar actions either for damages or injunctive relief. *See, e.g.*, *id.* § 216(b) (suggesting that employees may only maintain an action under §§ 206 or 207 for the amount of their unpaid minimum wages, or their unpaid overtime compensation). Thus, the plain language of the FLSA does not give the plaintiffs the ability to obtain relief for violations of § 211(c). For that reason, the Court **GRANTS** Skylink's motion to dismiss the plaintiffs' record-keeping claims.

### C. Overtime

Under the FLSA, employees are entitled to recover for unpaid overtime compensation. 29 U.S.C. §§ 207, 216(b). "An employer who violates the [FLSA's overtime provisions] . . . shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.'" *See* 29 U.S.C. § 216(b). The plaintiffs here allege that, due to Skylink's failure to keep sufficient time records of their work, they were not paid adequate overtime compensation for the work they completed beyond 40 hours per week.

Skylink moves to dismiss the overtime claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the plaintiffs' factual allegations, taken as true, do not state a

cognizable claim for overtime compensation under the FLSA. Here, Skylink contends that the plaintiffs' factual allegations precisely describe the "piece-rate" provisions of the FLSA, *see* 29 U.S.C. § 207(g), pursuant to which the plaintiffs are actually paid. Under this method, it submits, the plaintiffs receive one-third of a point for each job completed, and are paid one and a half times their "effective hourly rate" for each hour that they work over 40 in a given week. In attempting to demonstrate that the plaintiffs are in fact adequately compensated for overtime work, Skylink attaches an affidavit and time sheet to its motion to dismiss. On a motion to dismiss, however, the Court "should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice." *Pennington v. Teufel*, 396 F. Supp. 2d 715, 719 (N.D. W. Va. 2005). Where materials outside of the pleadings are actually considered by the Court, a motion to dismiss must be treated as a motion for summary judgment under Rule 56, and the parties must be given a reasonable opportunity to present evidence pertinent to the motion. *See* Fed. R. Civ. P. 12(d). Here, the Court does not consider the external documents attached to Skylink's motion to dismiss.

The plaintiffs have adequately stated a claim for overtime compensation under the FLSA, and they should be entitled to discovery in order to investigate their claim further. Namely, they assert in the complaint that Skylink did not keep adequate records of their work hours and that they were routinely required to work in excess of 40 hours per week without overtime compensation. The plaintiffs need not provide a running list of specific work days for which they were not paid; it is enough that they have provided a clear factual statement charging as much. This is not a case where the complaint contains nothing more than a mere legal conclusion—rather, the plaintiffs have stated facts which, if true, would entitle them to relief. This is all that is required under Rule

12(b)(6).

Accordingly, the Court **DENIES** Skylink's motion to dismiss the plaintiffs' overtime compensation claims.

### D.     Residual Claims

Skylink also contends that the plaintiffs have failed to state claims for violations of the FLSA's minimum wage provisions and for "misclassification." The plaintiffs concede that, despite the fact that they seemingly made allegations to the latter effect in the complaint, they only purport to state a claim for violations of the FLSA's overtime provisions. Therefore, inasmuch as they do not appear to challenge Skylink's motion to dismiss these claims, the Court **GRANTS** the motion as to any claims alleged under the FLSA's minimum wage provisions, *see* 29 U.S.C. § 206, and for misclassification. *See id.* § 213(a).

### III.     Conclusion

For the foregoing reasons, Skylink's motion to dismiss the plaintiffs' proposed collective action complaint is **GRANTED** in part and **DENIED** in part. [Doc. 11] The plaintiffs' claims for overtime compensation **MAY PROCEED**, but the other claims in the complaint are **DISMISSED** consistent with the reasoning set forth in this Opinion.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     June 15, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE