IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

BRION DAVIS, DAVID FAIRBURN and
CURTIS PARKER, individually and on behalf
of others similarly situated,

        Plaintiffs,

v.

SKYLINK, LTD., an Ohio limited liability
company,

        Defendant.

C.A. No.: 3:11-CV-0094

The Honorable Robert C. Chambers

Electronic Filing

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

By virtue of a ruling on Defendant, Skylink, LTD's ("Skylink[1]") Motion to Dismiss[2], this case has been narrowly limited[3] to the Plaintiffs' contention that they were not appropriately paid overtime hours, if any, under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA"). The Plaintiffs, of course, have the burden of proof of all of the required elements of their claim.

---

[1] Skylink is a limited liability communications company that provides installation services of DirectTV satellite systems for homes and businesses in West Virginia and several surrounding states. Skylink hires technicians to perform the actual installations.

[2] Three individuals formerly employed as technicians of Skylink filed a collective action under Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA"), a individually and behalf of all others "similarly-situated," alleging that Skylink: (1) fails to keep appropriate time records under 29 U.S.C. 211(c); (2) fails to pay overtime for work in excess of 40 hours per week; (3) fails to pay employees for *any* hours worked in excess of forty hours per week in violation of FLSA minimum wage provisions; and (4) misclassifies employees as exempt under the FLSA. Plaintiffs seek recovery for the allegedly unpaid overtime compensation, liquidated damages, attorney's fees and costs of the litigation. On May 11, 2011, Skylink filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiffs have failed to state a claim for relief upon which relief may be granted. The positions of both sides were briefed by counsel and submitted to the Court for decision.

[3] On June 15, 2011, the Court entered an Order on Skylink's Motion to Dismiss, dismissing all but Plaintiffs' claim for allegedly unpaid overtime compensation. (Memorandum Opinion and Order, Document No. 18).

{L0439899.1}

In substance, in order to meet their burden of proof at trial, Plaintiffs would be required to produce admissible, competent evidence that could support a finding by the finder of fact that there are a quantifiable number of overtime hours that they worked for which they were not paid. The record developed in this case[4], however, is devoid of any such evidence. On the contrary, the record contains incontrovertible evidence that under the perfectly lawful "points" system, the formula includes overtime pay for overtime work, if any.

Furthermore, discovery served upon Plaintiffs in this case further clarifies that Plaintiffs cannot adduce any evidence beyond generalized conjecture that they worked any overtime hours in any pay period that they were not paid for the overtime hours worked. Plaintiffs attempt to fill that evidentiary void by assailing Skylink's recordkeeping regarding hours worked. At the end of the day- Plaintiffs have failed to produce any evidence regarding the number of overtime hours that they worked for any day in any pay period for which they were not paid in full.

## II. BACKGROUND AND FACTS

Plaintiffs' original theory regarding Skylink's liability under the FLSA's overtime compensation provisions revolved around Plaintiffs' allegations that they are paid based on a "points" system, or "per job basis," instead of by a fixed hourly rate. (Collective Action Complaint, Document No. 1 ("Complaint") ¶15). Plaintiffs are correct that they are paid on a "points" system. Importantly, however, Plaintiffs' allegations are a precise description of the piece rate provisions of the FLSA, 29 U.S.C. § 207(g) and 29 C.F.R. §778.111, pursuant to which Plaintiffs are paid.[5] Although Plaintiffs baldly asserted that they are not provided with

---

[4] In ruling on Skylink's Motion to Dismiss, the Court elaborated that Plaintiffs are "entitled to discovery in order to investigate their [overtime compensation] claim further." (Memorandum Opinion and Order, p. 6, Document No. 18).

[5] 29 CFR §778.111 - Pieceworker. (a) Piece rates and supplements generally. When an employee is employed on a piece-rate basis, his regular hourly rate of pay is computed by adding together his total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other

{L0439899.1}  2

overtime pay under this pay scheme, in fact, they are. Under the strict guidelines set forth in the regulations governing application of FLSA piece rate provisions, Plaintiffs are paid one and a half times their effective hourly rate for each hour worked over 40 in a week.[6] In essence, rather than receive a set hourly wage rate, Skylink technicians agree that they will be paid a "per point rate," rather than by an hourly rate. (See Ex. 3, Response to Request for Admission No. 2). Moreover, Plaintiffs admit that a "per point" value was assigned by Skylink; the actual dollar amount dependent on the activity performed.[7] (See, Ex. 3, Response to Request for Admission No. 3).

Following the filing of Skylink's Motion to Dismiss, Plaintiffs' theory of liability changed. Plaintiffs are not questioning the fundamental legality under the FLSA of the "point system" used by Skylink. Rather, while they concede that Skylink's "points system" takes into account the number of overtime hours worked in its calculation to determine and overtime rate, Plaintiffs now contend that, during some pay period(s), as yet to be identified, they worked overtime hours that were not properly recorded and that they were therefore not paid for these overtime hours under the "points" system. However, the record not only fails to contain any evidence to support Plaintiffs' contention but, to the contrary, the record contradicts Plaintiffs'

---

hours worked (except statutory exclusions): This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's regular rate for that week. For his overtime work the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.

(For an alternative method of complying with the overtime requirements of the Act as far as pieceworkers are concerned, see 778.418.) Only additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked. Thus, if the employee has worked 50 hours and has earned $245.50 at piece rates for 46 hours of productive work and in addition has been compensated at $5.00 an hour for 4 hours of waiting time, his total compensation, $265.50 must be divided by his total hours of work, 50, to arrive at his regular hourly rate of pay, $5.31. For the 10 hours of overtime the employee is entitled to additional compensation of $26.55 (10 hours at $2.655). For the week's work he is thus entitled to a total of $292.05 (which is equivalent to 40 hours at $5.31 plus 10 overtime hours at $7.965).

[6] In order to demonstrate the application of 29 U.S.C. §207(g) to Plaintiffs' earnings, see Exhibit 1.

[7] Plaintiffs also correctly clarify that technicians are credited a dollar amount for "small parts" used in performing their duties on a pre-point ratio.

{L0439899.1}  3

contention. In that regard, in support of its Motion for Summary Judgment, Skylink has submitted Affidavits from Debra Kuhl and Kenneth Cooper, both Directors of Field Operations for Skylink, which attach documentary evidence which shows the pay periods for each named Plaintiff for which they were employed, the hours worked, points earned, effective hourly rate and gross pay for those periods[8] and that there was a system in place to track the time and that Plaintiffs were aware of the system.[9]

Further, through discovery, Skylink attempted to unearth any evidence that Plaintiffs can adduce to suggest that they worked overtime hours during a pay period for which they were not paid. That effort was unavailing as Plaintiffs have been unable to quantify the number of overtime hours worked or point to a single day or pay period for which they worked overtime hours and were not paid. They are left with nothing more than conclusory allegations regarding unpaid overtime.

In that regard, on August 11, 2011, Skylink served its First Requests for Admissions Directed to Plaintiffs to establish, as a matter of record, that Skylink had procedures in place that Plaintiffs were to report all hours worked to accurately reflect both Plaintiffs' regular and

---

[8] A spreadsheet identifying all hours worked by each named Plaintiff, the amount of points earned by each Plaintiff during each work week and resulting calculation of effective hourly rate/pay, overtime pay and gross pay was attached to Skylink's Motion to Dismiss (Document No. 11) as Exhibit A. In addition, copies of the named Plaintiffs' summary payroll records for every pay period in which Plaintiffs earned points as a technician, corresponding with the spreadsheet identifying hours worked and points earned were also attached as Exhibit A. The Affidavit of Debra M. Kuhl, Director of Operations for Skylink, Ltd., authenticating the information and documents attached as Exhibit A to the Motion to Dismiss was attached thereto as Exhibit B. These documents are collectively attached hereto as **Exhibit 1**.

[9] Collectively attached hereto as **Exhibit 2**, are copies of the "Activity Update Requirements" forms executed by Plaintiffs, and an Affidavit of Kenneth Cooper, authenticating the documents. These exhibits were also attached to Skylink's Reply to Plaintiff's Response to Skylink's Motion to Dismiss (Document No. 17). Also included in Exhibit 2 are Activity Update Requirements forms, Acceptance of Company Handbook, and Siebel Activity Update Requirements, executed by the Plaintiffs which were attached to Skylink's First Requests for Admission and Mr. Cooper's Affidavit authenticating the documents.

overtime hours. In their responses[10], Plaintiffs stubbornly contended to the contrary that "for various reasons outside their control," they could not comply with the policies outlined in Skylink's "Activities Update Requirements" forms, or that "on several occasions jobs were closed before the workday was completed or [they] were unable to close a job for various reasons," or that Plaintiffs did not always "have the capability" to notify Skylink of their beginning and end time of each job they performed. (See Ex. 3, Responses to First Requests for Admissions Nos. 6; 13; 27).

Undeterred, on September 7, 2011, Skylink served its First Set of Interrogatories and Requests for Production of documents on Plaintiffs specifically designed to determine what overtime hours Plaintiffs contend they worked, what days they worked the overtime hours, and what evidence they can offer to show the same.

On, or about, November 1, 2011, Plaintiffs served their Responses to Skylink's First Set of Interrogatories and Requests for Production of Documents.[11] Plaintiffs' answers and responses are obviously less than full and complete. Moreover, Plaintiffs interposed numerous objections that are facially inappropriate and meritless. Tellingly, the responses utterly fail to reveal any information about what specific overtime hours plaintiffs contend they worked, but were not credited with in the company records, and for which they were not paid. Plaintiffs' responses are otherwise evasive and designed to obfuscate rather than clarify the key issues. For example, Skylink asked in Interrogatory No. 6 for Plaintiffs to "[d]escribe in detail how each plaintiff recorded and reported the hours he worked to Skylink." Plaintiffs interposed an objection, stating that "this interrogatory is overly broad, unduly burdensome and not likely to

---

[10] A true and correct copy of Plaintiffs' responses to Skylink's First Requests for Admission is attached hereto as **Exhibit 3**.
[11] A true and correct copy of Plaintiffs' responses to Skylink's First Set of Interrogatories and Request for Production of Documents is attached hereto as **Exhibit 4**.

{L0439899.1 }  5

lead to the discovery of admissible evidence. Without waiving any applicable objection, see response to Interrogatory No. 5."[12] The objection is utterly frivolous and the remainder of the response obfuscatory. The interrogatory is neither broad nor burdensome, and the interrogatory goes directly to the heart of this case. The only remaining claim is for alleged unpaid overtime work, and Plaintiffs consistently maintain that Skylink did not fully credit Plaintiffs for overtime hours, or accurately track the hours they worked.

Even more glaring are Plaintiffs' responses—or more accurately the non-responses—to Interrogatory Nos. 7, 8 and 9. Interrogatories Nos. 7 and 9 address *how* Plaintiffs reported the hours they worked to Skylink, while Interrogatory No. 8 address *what* specific hours Plaintiffs claim to have worked, for which they were not credited or paid. Nevertheless, Plaintiffs merely respond with boiler plate, meritless objections interposed to obfuscate. (See Ex. 4, Responses to Interrogatories Nos. 7; 83). The interrogatories ask specific questions regarding a detailed account of how they reported their hours to the company and what hours they allege they were not credited with overtime. Moreover, the inquiries are not irrelevant as Plaintiffs' responses suggest. The interrogatories posed go the heart of the litigation regarding Plaintiffs' sole surviving claim for alleged non-payment of overtime wages under the FLSA.

Skylink also asked Plaintiffs to produce documents in specific categories relevant to Plaintiffs' sole remaining claim. Plaintiffs responded with, "see attached" and attached a mix of twenty three (23) documents. Upon review of the documents, it is unclear why any of them were

---

[12] Plaintiffs' answer to Interrogatory No. 5 is as follows: "Objection -- this interrogatory is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Without waiving any applicable objection, defendant did not provide plaintiff with a mechanism of plaintiffs' hours worked could feasibly be accurately kept. Plaintiffs often did not 'clock in' to start their day and rarely, if ever, did plaintiffs 'clocked out' to end their day. Defendant's purported method of tracking plaintiffs' time while working does not accurately reflect time spent by plaintiffs working before beginning the first job of the day, and does not accurately reflect time spent by plaintiff working after closing their last job of the day."

{L0439899.1}

6

produced, but is clear that none of them appear to be responsive to Skylink's requests, nor do they provide any support for Plaintiffs' claims.[13]

Plaintiffs recently also served a Supplemental Response to Skylink's First Request for Production of Documents, and despite containing 1759 documents, provide no more support for Plaintiffs' claims than the twenty-three (23) documents initially produced in response to Skylink's First Set of Interrogatories and Request for Production for Documents. That is to say, albeit voluminous in nature there is nothing in the 1759 documents that would evidence a failure to pay overtime compensation or a flaw in Skylink's timekeeping system leading to an inaccurate accounting of hours worked by Plaintiffs.[14] Moreover, the documents produced only reflect a time period for a series of jobs performed by named Plaintiff, David Fairburn, from September 2009 through February 2010.

Moreover, Skylink served its second set of requests for admission, interrogatories, and requests for production of documents on Plaintiffs and what Skylink received in response was more of the same.[15] Plaintiffs simply denied that the payroll documents that Skylink has produced accurately reflected the hours plaintiffs allegedly worked. (See, Ex. 5, Response to Request for Admission 4). However, when asked to identify the dates and times that they

---

[13] In that regard, Plaintiffs produced the following documents: (1) one paystub of Curtis Parker which indicates that he worked 38 hours for the pay period ending May 29, 2009; this document does nothing more than show the amount of hours reflected on the paystub is consistent with the amount of hours reflected in the payroll documents included with **Exhibit 1** attached hereto. In producing Mr. Parker's paystub, are Plaintiffs averring that Mr. Parker worked in excess of 40 hours per week during that pay period? That very question was posed in interrogatory No. 8, yet Skylink received an evasive objection and answer regarding locating an expert that would be able to reduce Plaintiffs' damages to a sum certain; (2) A list of names of Skylink technicians including named Plaintiffs; (2) a 2009 W-2 for Brion Davis; (3) A one page, blank DirectTV Quality Checklist; (4) a Technical Evaluation Grading Scale; (5) A ten page DirectTV Channel Guide; (6) Three blank Skylink Payroll Discrepancy Forms (Form SD-49). (7) A blank Skylink Site Survey/Pre-Work Description Sheet (Form SD-25); (8) A blank Skylink Equipment & Material Request Form (Form SD-102); (9) An unsigned Direct TV Work Order dated 1/30/10; (10) A Direct TV Installation Quality Checklist; (11) a copy of a Skylink Technician Pay Scale form (Form SD-39).

[15] A true and correct copy of Plaintiffs' Responses to Skylink's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents is attached hereto as **Exhibit 5.**

dispute as documented in the payroll records, Plaintiffs objected and responded that they did not keep track of their actual hours worked and now disingenuously contend "[they] would have no reason to account for these hours as they were informed that they were paid on a per point basis only." (See Ex. 5, Answer to Interrogatory No. 1). Plaintiffs again produced no documentation to support their allegations and instead responded that Skylink should see the documents produced with Plaintiffs' Supplemental Responses to Skylink's First Set of Interrogatories and Request for Production for Documents, discussed *supra*, herein.

Needless to say, it has become abundantly clear that nothing that the Plaintiffs produced even remotely answers Skylink's requests that would support Plaintiffs' contentions that they were not paid overtime compensation for hours in which plaintiffs worked over 40 hours per week and the responses to Skylink's requests for production of documents are no more than an attempt to disguise the fact that <u>Plaintiffs have no documentation that evidences that they were not paid overtime compensation for any hours worked over 40 hours per week</u>.

Defendant, Skylink, LTD, moves for summary judgment and submits the following Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### III.  LEGAL STANDARD

Where a party will have burden of proof on an element essential to its case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmovant's case necessarily renders all other facts immaterial. Fed.R.Civ.P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating a summary judgment issue, the evidence of record

must be viewed in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir.1984). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S.Ct. at 2554. Here Skylink has discharged its burden by showing that Plaintiff has not produced, nor clan they produce, evidence to support their claim that they worked overtime hours that they were not paid for. Moreover, Skylink went above and beyond its burden and presented overwhelming uncontroverted evidence that Plaintiffs were compensated for overtime hours worked.

Once the moving party has met its burden, the burden shifts to the nonmoving party to make a showing sufficient to establish the existence of each element essential to that party's case, and on which that party will bear the burden of proof at trial. Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 393 (4th Cir.1994)(citing Celotex Corp., 477 U.S. 313, 323, 106 S.Ct. 2548). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. A mere scintilla of proof, however, will not bar a summary judgment award; the question is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly proceed to find a verdict for the party producing it." Id. at 251. See also, Beale v. Hardy, 769 F.2d 213, 214

(4th Cir.1985)(Mere speculation by the non-moving party "cannot create a genuine issue of material fact").

In this particular case, Plaintiffs have the burden of proof of establishing the existence of each element essential their case, and on which Plaintiffs will bear the burden of proof at trial. In other words, Plaintiffs must be able to demonstrate that they have some quantifiable evidence that they worked overtime for a certain number of hours in certain pay periods and that they were not paid for those hours worked. Plaintiffs have produced no such evidence and, in fact, the evidence of record contradicts their claim.

### IV. ARGUMENT

#### A. Skylink Has Overwhelmingly Met its Burden of Going Forward at the Summary Judgment Stage by Presenting Overwhelmingly Uncontroverted Evidence that Plaintiffs Were Paid Overtime

As described above, in support of its Motion for Summary Judgment, Skylink has met its burden of going forward at summary judgment stage by presenting uncontroverted evidence that Plaintiffs were paid overtime in the form of two Affidavits from Kenneth Cooper and Debra Kuhl, both Directors of Field Operations for Skylink, which attach documentary evidence[16] which shows the pay periods for each named Plaintiff for which they were employed, the hours worked, points earned, effective hourly rate and gross pay for those periods and that there was a system in place to track the time and that Plaintiffs were aware of the system.

Therefore, the burden shifts to Plaintiffs to point to evidence sufficient in the record to establish the existence of an element essential to Plaintiffs' case, and on which Plaintiffs will bear the burden of proof at trial, i.e., that they worked overtime hours for which they were not paid. See Cray and Coletex, supra.

---

[16] See Exhibits 1 and 2

{L0439899.1 }

10

### B. Plaintiffs Have Failed to Meet Their Burden of Producing Evidence That They Worked Overtime Hours for Which They Were Not Paid

Plaintiffs have not produced any evidence of record that they worked overtime hours that they were not paid for. In fact, Plaintiffs' discovery responses demonstrate that they cannot produce any such evidence. As described above, their responses to Skylink's first and second set of interrogatories and requests for admission are evasive and contain nothing more than conclusory allegations that Skylink does not have a system to accurately record time. They have not produced any evidence to support this bald assertion. Despite producing over 1700 documents in response to Skylink's requests for production of documents, not a single document is germane to the key issue in this case. To that end, not one of the document shows that Plaintiffs worked overtime in any pay period for which they were not paid under the points system.

To defeat Skylink's Motion for Summary Judgment, Plaintiffs cannot merely rely on their conclusory allegations that they worked overtime that they were not paid for and that Skylink does not have a system to accurately track their hours worked. see also Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir.2002) ("Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-moving party's] case"). Having produced no evidence sufficient to establish that they worked overtime and that they were not paid for all the overtime hours worked, Plaintiffs have failed to meet their burden under Cray and Coletex, supra.

### C. Plaintiffs' Effort to Discredit Skylink's Overwhelming Evidentiary Showing is Unavailing

Instead of adducing evidence sufficient to their burden of proof at trial, Plaintiffs attempt to attack the veracity of Skylink's overwhelming showing that Plaintiffs were paid for the

{L0439899.1}  11

overtime that they worked. This effort to avoid summary judgment is useless.

At the threshold, it proceeds on a misunderstanding regarding the burden of proof as it suggest that Skylink has the burden of proof and that Plaintiffs can avoid summary judgment by discrediting Skylink. Moreover, despite discovery, Plaintiffs have not, and clearly cannot, point to a single day, let alone a pay period, where they can show that they worked overtime and were not paid. Rather, Plaintiffs rely solely on their conclusory and speculative allegations that they worked overtime for which they were not paid. As the Courts in this Circuit have made clear, mere speculation by the non-moving party cannot create a genuine issue of material fact and conclusory or speculative allegations do not suffice in support of the non-moving party's case. See Beale and Thompson, supra.

Moreover, even if the Court were to consider the veracity of the evidence presented by Skylink, the evidence is overwhelming and shows that Skylink has an accurate system in place to record time. To that end, in order to properly compensate its technicians for any overtime hours, Skylink carefully keeps track of the number of hours worked for each technician. (See Exs. 1, 6). Technicians are notified by Skylink that the technicians are required to document the beginning of their work day by physically clocking in at the plant, or by beginning a job by opening the work order in accordance with the "Activities Update Requirements" form (Ex. 2). (See Ex. 3, Response to Requests for Admissions Nos. 11, 30). Technicians are also notified by Skylink that in order to clock out at the end of the day, they must close their final job of the day in accordance with the "Activities Update Requirements" form (Ex. 2). (See, Exhibit 3, Response to Request for Admissions No. 12).

Plaintiffs readily admit that they signed, read, understood, and agreed to comply with the "Activity Update Requirements" forms that specify that, "...proper status updates for each and

every activity ensure that Skylink will be paid correctly for each activity by DirecTV, which allows for proper payment to the technician;" that these status updates "are also helpful in calculating the duration of the technician's day," and that "it is essential that the technician properly update" their status through one of the "acceptable methods" described therein. (See, Ex. 3, Requests for Admissions Nos. 4, 5, 6, 9, 10, 11, 35, 36, 37, 38, 39, and 40). In Response to Request for Admission No.6, plaintiffs also aver that they "could not comply with the policy [set forth in the "Activity Update Requirements" forms] for various reasons outside of their control. (See Ex. 3). Consequently, Skylink, in its Second Set of Interrogatories, inquired into the specific reasons Plaintiffs contend they could not comply with the requirements.

Plaintiffs responded that they could not comply with the requirements (1) because they were not provided with a computer; (2) they often did not have cellular telephone service, (3) they did not have another way to contact Skylink, and (4) they were not informed that complying with the "Activity Updates Requirements" was a means by which Skylink purported to track Plaintiffs' hours. (See Ex. 5, Response to Interrogatory Nos. 3; 4). Immediately, the fourth excuse can be eliminated for the reasons discussed above—Plaintiffs admitted that they understood that updating was not only used to track their hours, but that it was "essential" that they follow the methods set forth in the "Activity Update Requirements" forms. The next excuse that can be readily eliminated is that they could not update their status because they were not provided a computer. Plaintiffs admit that they did not need a computer to notify Skylink for the activities listed in the "Activity Update Requirements" forms. (See Ex. 3, Request for Admission No. 28). Lastly, Plaintiffs' excuse that they often did not have cellular telephone service, and no other means of notification was available is mere conjecture. Plaintiffs admitted that opening and closing work orders could be achieved by a variety of means, all of which

Plaintiffs agreed to in writing. (See Ex. 3, Request for Admission No. 30). It is nearly impossible to fathom that none of the acceptable methods of opening or closing a job were unavailable to Plaintiffs, especially in light of their inability to pinpoint *any* specific instances in which that occurred.

Moreover, technicians are paid for all hours worked between their clock-in and clock-out times on any given work day, and no deductions are made for meal periods, break periods, or drive time during a work day. (See, Ex. 6, documentation of Plaintiffs' start time for their first job of the day and end time for their last job, compared to the total number of hours Plaintiffs were compensated as evidenced in Exhibit 1). Therefore, any instances that Plaintiffs allege they could not properly update their status, that would affect their total daily hours, would had to have occurred either when they opened their first job of the day, or closed their last job of the day. This even more significantly lessens any likelihood of a miscalculation of total hours that the Plaintiffs alleged they worked, but were not compensated for overtime pay.

At the end of the week, Skylink tallies the number of points earned by the employee and multiplies it by the employee's individual "per-point rate" in order to determine the employee's regular, gross weekly earnings. (See Ex. 3, Response to Request for Admissions No. 17).

This figure is then divided by the total number of hours worked and the resulting number is the employee's "effective hourly rate" for that week. (See, Ex. 7, Affidavit of Ken Cooper). The employee is then paid an additional one-half (½) of his effective hourly rate for each hour over 40 worked during that week in accordance with 29 U.S.C. § 207(g) and 29 C.F.R. §778.111. Id. Thereafter, Skylink deducts small parts charges associated with the work completed by the

{L0439899.1}                                             14

employee during that week.[17] Id. This compensation plan is entirely consistent with the regulations governing the piece rate worker provisions of the FLSA. Therefore, despite Plaintiffs' apparent confusion regarding their compensation, all employees of Skylink are/were paid overtime compensation in accordance with the FLSA.

While Skyline did not have the burden of producing evidence that it paid overtime to Plaintiffs for the overtime hours that they worked and that they have system in place to track Plaintiffs' hours, the unconverted evidence that Skylink did produce is overwhelming. Plaintiffs, unable to meet their burden on proof, have attempted to mask this glaring deficiency by have attempting to attack the veracity of Skylink's evidence. However, while the Court need not consider the veracity of Skylink's evidence, a review of the same reveals that the there is overwhelming evidence that Skylink had a system in place to accurately track Plaintiffs' work hours and that Plaintiffs were fully compensated for overtime hours worked.

## V. CONCLUSION

Plaintiffs have failed to produce any evidence to support their claim that they worked overtime and that they were not paid for the overtime and they cannot defend Skylink's Motion for Summary Judgment by relying on their conclusory or speculative allegations that they were not paid overtime for the hours they actually worked, or that Skylink had no mechanism in place to accurately track Plaintiffs' hours. Therefore, this Honorable Court must grant Skylink's Motion for Summary Judgment and dismiss Plaintiffs' Complaint in its entirety with prejudice.

---

[17] Section 207(e)(2) of the FLSA states that reasonable payments for expenses incurred by an employee in the furtherance of his employer's interest and properly reimbursable by the employer and which are not made as compensation for hours of employment are not to be included in the regular rate of pay.

{L0439899.1 }

By:   /s/ Avrum Levicoff
       Avrum Levicoff, Esquire
       W.Va. I.D. #: 4549
       ALevicoff@lsand.net
       Levicoff, Silko & Deemer, P.C.
       Centre City Tower, Suite 1900
       650 Smithfield Street
       Pittsburgh, PA 15222-3911
       412-434-5200

*Counsel for Defendant,*
*Skylink, Ltd.*

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA - HUNTINGTON DIVISION

BRION DAVIS, DAVID FAIRBURN and
CURTIS PARKER, individually and on behalf
of others similarly situated,

        Plaintiffs,

v.

SKYLINK, LTD., an Ohio limited liability
company,

        Defendant.

C.A. No.: 3:11-CV-0094

The Honorable Robert C. Chambers

Electronic Filing

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2011, I electronically filed the **Memorandum in Support of Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Mark French, Esquire
Matthew Criswell, Esquire
Criswell & French, PLLC
405 Capitol Street, Suite 1007
Charleston, WV 25301

William Tiano, Esquire
Tony O'Dell, Esquire
Tiano O'Dell, PLLC
410 Tennessee Avenue
Charleston, WV 25339

By:    /s/ Avrum Levicoff
      Avrum Levicoff, Esquire
      W.Va. I.D. #: 4549
      Levicoff, Silko & Deemer, P.C.
      Centre City Tower, Suite 1900
      650 Smithfield Street
      Pittsburgh, PA 15222-3911
      412-434-5200

      *Counsel for Defendant,*
      *Skylink, Ltd.*

{L0395689.1 }