IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRION DAVIS, DAVID FAIRBURN
and CURTIS PARKER, Individually
and On Behalf of Others Similarly Situated,

    Plaintiffs,

v.            CIVIL ACTION NO. 3:11-0094

SKYLINK LTD.,
an Ohio Limited Liability Company,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

  Pending are Defendant's Motion for Summary Judgment (ECF No. 46), Defendant's Motion to Exclude (ECF No. 59), Plaintiffs' Motion to Amend Complaint (ECF No. 57), and Plaintiffs' Motion to Amend Scheduling Order (ECF No. 58). For the reasons set forth below, Defendant's Motion for Summary Judgment (ECF No. 46) is **GRANTED**, and Plaintiffs' Motion to Amend Complaint (ECF No. 57) is **DENIED**. Plaintiffs' Motion to Amend Scheduling Order (ECF No. 58) and Defendant's Motion to Exclude (ECF No. 59) are **DENIED as moot**.

### I. Background

  Defendant Skylink, LTD., ("Skylink") is a limited liability company that provides satellite installation services for DirectTV in West Virginia and surrounding states. Skylink hires installation and repair technicians to conduct its business. Rather than paying its technicians an hourly wage, Skylink utilizes a "point" system, which compensates them on a per-job basis.

1

Under this system, the rate of pay depends in large part on the type of work completed. The plaintiffs, Brion Davis, David Fairburn, and Curtis Parker ("Plaintiffs"), worked as installation and repair technicians for Skylink at various times between 2007 and 2010. Plaintiffs bring this collective action complaint under the Fair Labor Standards Act ("FLSA"), § 29 U.S.C. § 201 *et seq.*, alleging various violations of the FLSA, including Defendant's failure to pay overtime as required by 29 U.S.C §§ 206, 207, and 215(a)(2). *See* Complaint, ECF No. 1.

Defendant Skylink moved to dismiss all claims, arguing that several of the FLSA sections cited in Plaintiff's Complaint did not provide for a private cause of action. The Court granted the motion to dismiss in part, dismissing all claims except Plaintiffs' claim for Defendant's failure to pay overtime. ECF No. 18 (June 15, 2011). On August 1, 2011, the Court entered a scheduling order setting deadlines for discovery but suspending other deadlines pending the resolution of dispositive motions. ECF No. 24.

In November 2011, Defendant moved for summary judgment. ECF No. 46. Before that motion was resolved, Plaintiffs filed a Motion to Amend the Complaint (ECF No. 57) and a Motion to Amend the Scheduling Order to Allow Further Discovery (ECF No. 58). Plaintiffs argue that supplemental discovery responses provided by Defendant after the discovery deadline provided new information justifying amendment of the complaint and additional discovery. The Court ordered supplemental briefing on the motions to amend on April 26, 2012 (ECF No. 72), and held a motions hearing on July 2, 2012. This matter is now ripe for resolution.

## II.   Defendant's Motion for Summary Judgment

### A.   Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.*

*R. Civ. P.* 56(a).  In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

**B.     Analysis**

The pending Motion for Summary Judgment addressed the claims in Plaintiffs' original Complaint, and was ripe before Plaintiffs' motions to amend were filed.  Therefore, the Court will resolve it before turning to the motions to amend.

Defendant moves for summary judgment on the sole claim remaining after this Court's ruling on Defendant's Motion to Dismiss: that Defendant failed to properly record and pay overtime.  Under the FLSA, employees are entitled to recover for unpaid overtime compensation.  29 U.S.C. §§ 207, 216(b) ("An employer who violates the [FLSA's overtime provisions] . . . shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.").  Plaintiffs allege

that they were not paid adequate overtime compensation for the work they completed beyond 40 hours per week because Defendant failed to keep sufficient time records of their work.

The Court denied Defendant's Motion to Dismiss this claim, as it relied on materials outside the pleadings to establish the sufficiency of its piece-rate pay plan. *See* ECF No. 18, at 6 ("Where materials outside of the pleadings are actually considered by the Court, a motion to dismiss must be treated as a motion for summary judgment under Rule 56, and the parties must be given a reasonable opportunity to present evidence pertinent to the motion.") (quoting Fed. R. Civ. P. 12(d)).  Now, however, the parties have had adequate opportunity to discover and present relevant facts, and the motion is properly before the Court as a summary judgment motion.

Plaintiffs assert that Defendant's method of paying them per point, rather than per hour, fails to adequately include overtime hours worked.  Defendant responds that its "points" system falls within a permissible pay procedure under the FLSA, a "piece rate" compensation system. *See* 29 U.S.C. § 207(g); 29 C.F.R. § 778.111.  Defendant claims that under this method, Plaintiffs received one-third of a point for each job completed, and were paid one and a half times their "effective hourly rate" for each hour that they work over 40 in a given week.  The Court finds that the points system is a piece rate system within the meaning of the FLSA and, as such, is a permissible compensation system.  Plaintiffs provide no evidence of overtime worked but not compensated as a function of Defendant's use of the point system.[1]  Absent any such evidence, the Court **GRANTS** Defendant's Motion for Summary Judgment on this claim.  *See Anderson*, 477 U.S. at 256 (non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]").

---

[1] In their Response to Defendant's Motion for Summary Judgment, Plaintiffs argued that they were not properly paid for overtime worked because of a calculation error in Defendant's compensation system, unrelated to its use of a points system.  This is not evidence that Defendant's method of using a points system resulted in improper withholding of overtime compensation, and the Court considers this issue instead as part of Plaintiffs' Motion to Amend.

4

With this determination, the Court has now dismissed or granted summary judgment on all the claims pleaded in Plaintiffs' original Complaint. Normally, this would result in dismissal of the action in its entirety. However, because Plaintiffs' Motion to Amend Complaint was filed before Defendant's Motion for Summary Judgment was resolved, the Court will examine the Motion to Amend to determine whether the proposed amendments offer a sufficient basis for sustaining this action.

### III. Plaintiffs' Motion to Amend

Plaintiffs seek to amend their Complaint, and ask the Court to amend the scheduling order to re-open discovery. ECF Nos. 57, 58. When a motion to amend is filed after the deadline, the moving party must show "good cause" for amendment. Fed. R. Civ. P. 16(b). Further, an amendment which is futile need not be allowed. *See Edell & Associates, P.C. v. Law Offices of Angelos*, 264 F.3d 424, 446 (4th Cir. 2001) (amendment is futile where the opposing party would be entitled to summary judgment on the amended claim).

The proposed Amended Complaint (ECF No. 57, Ex. 2) adds two claims[2] to those asserted in the original Complaint (ECF No. 1). It alleges that Defendant failed to properly pay overtime as required by the FLSA because: 1) Defendant improperly calculated the number of hours worked by each Plaintiff; and 2) Defendant did not compensate Plaintiffs for the time spent commuting home from the final job worked each day. Plaintiffs argue that there is good cause for allowing these amendments because they only became aware of the factual bases for the amendments after receiving Defendant's late-produced discovery.

---

[2] Plaintiffs also re-assert several claims which were dismissed in this Court's June 2011 Order. ECF No. 18. The Court does not reconsider these claims.

5

### A. Calculation Error

Plaintiffs' first proposed claim asserts that Defendant improperly calculated the number of hours worked by each Plaintiff in a day. Defendant's compensation system incorrectly converted the minute values of the time each Plaintiff worked into one hundredths, rather than sixtieths, of an hour. For example, one hour, thirty minutes would have been recorded as 1.3 hours, not 1.5 hours. Because of this error, the three Plaintiffs, together, were underpaid by a total of 9.73 overtime hours over the course of their combined employment with Defendant. *See* Pls.' Expert Report, ECF No. 51, Ex. 1, at 1; Def.'s Response, ECF No. 62, at 4.

Defendant admits this calculation error and represents that it has issued corrected paychecks. Defendant argues, however, that the claim is not cognizable under the FLSA because the unpaid wages at issue are "de minimis." "As a general rule, employees cannot recover for otherwise compensable time if it is de minimis." *Lindow v. United States*, 738 F.2d 1057, 1061–62 (9th Cir.1984)); *see also Perez v. Mountaire Farms, Inc.*, 650 F.3d. 350, 373–74 (4th Cir. 2011) (citing *Lindow*). Although the de minimis analysis usually applies when an employer decides not to compensate employees for a small part of their working activities, it is also applicable in this case, where an employer simply miscalculated payment for a small part of the employee's working activities. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946) ("It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved."); *cf. Kostiuk v. Town of Riverhead*, 570 F. Supp. 603, 610 (E.D.N.Y. 1983) (collecting applications of the de minimis concept in federal law, and concluding "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court.").

Applying the Fourth Circuit's recent decision regarding de minimis claims, *Perez v. Mountaire Farms, Inc.*, 650 F.3d. 350, 373-74 (4th Cir. 2011), it is clear that Plaintiffs' alleged damages are de minimis and not cognizable under the FLSA.

In *Perez*, employees of a poultry processor argued that the 10.204 minutes they were required to spend each day donning and doffing protective gear was compensable work. *Perez*, 650 F.3d at 373. The defendant employer argued that this work was "de minimis," and thus not compensable under FLSA. *Id.* at 374. The Fourth Circuit held that the work was not de minimis, because the unpaid time amounted to 42.5 hours, or more than one week's work, per employee per year. *Id.* Over the six-year period at issue in the suit, the unpaid wages totaled around $2,550 per employee. *Id.* (considering both annual and aggregate damages per employee important to the "de minimis" analysis).

The *Perez* court applied a three-factor test to determine whether work time is de minimis; one of these factors, the total amount of compensable time at issue, applies directly to this case. *Id.* at 373-74. Plaintiffs' expert report indicates that each plaintiff was uncompensated for between 2.6-3.9 hours of overtime over the course of his entire employment with Defendant, which lasted about a year apiece for plaintiffs David and Fairburn, and less than one year for plaintiff Parker. ECF No. 1, at 1-2. The annual and aggregate lost wages per employee sought in this case are thus miniscule compared to those at issue in *Perez*.[3] Such slight damages are "de minimis," and non-compensable under the FLSA. Plaintiffs' motion to amend to add a calculation error claim is therefore denied as futile.

---

[3] There is significant precedent for considering ten minutes of work per day de minimis. *See Lindow*, 738 F.2d at 1062 ("Most courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable.") (collecting cases). *Perez*, which rejects the ten minute rule, thus establishes a comparatively plaintiff-friendly definition of de minimis, making the substantial difference between the damages alleged in *Perez* and those in this case all the more telling.

### B. Commuting Area

Plaintiffs also move to amend the Complaint to add a claim for uncompensated commute time. Plaintiffs argue that Defendant violated the Portal-to-Portal Act, as amended by the Employee Commuting Flexibility Act ("ECFA"), by failing to pay Plaintiffs for the time spent returning from the last job site of the day to their homes. Each day, Plaintiffs drove from their homes to Defendant's offices in company-owned vehicles, and then proceeded to the first job assigned for the day. The parties agree that Plaintiffs were compensated for time spent driving from Defendant's offices to the first job of the day, and between job sites during the work day. After each Plaintiff completed his last job of the day, he was closed out of Defendant's compensation system. Each drove home from the last work site of his day in his company-owned van, but was not compensated for the time spent driving.

Under the Portal to Portal Act, 29 U.S.C. § 254, an employee's commute between home and work is generally not compensable work—whether the employee works at one location, or at many. *See* 29 C.F.R. § 785.35 ("[O]rdinary home to work travel . . . is a normal incident of employment. This is true whether [an employee] works at a fixed location or at different job sites."). Activities which are preliminary or postliminary to an employee's principal activities of work are also non-compensable. 29 U.S.C. § 254(a)(2). In the 1990's, the Department of Labor issued two interpretive letters determining that some commuting in employer-owned vehicles was compensable work. In response, Congress passed the Employee Commuting Flexibility Act of 1996 ("ECFA"), establishing that commuting in an employer-owned vehicle is *not* compensable work when: 1) the trip is within the employer's "normal commuting area;" and 2) use of the vehicle is subject to an agreement between employee and employer. 29 U.S.C. § 254(a). Defendant argues that Plaintiffs' commutes met these two requirements and were

8

therefore non-compensable. Plaintiffs argue that their commutes were neither within the "normal commuting area" nor subject to an agreement between employee and employer, and therefore compensable.

*i. Normal Commuting Area*

First, Plaintiffs allege that their commutes home were not within the "normal commuting area" required by the ECFA because the commutes were variable and occasionally long. Defendant asserts that it has established service areas, to which each technician is assigned; commutes within a technician's assigned service area are within its "normal commuting area."

An employer's "normal commuting area" may be defined in several ways. "Normal" means that the commute is within the range a particular type of employee may expect to travel as part of his or her job. As stated by the Department of Labor, employee travel between home and remote job site is non-compensable "unless the time involved is extraordinary." DOL Opinion Letter, 1999 WL 10002360 (Jan. 29, 1999).

Many types of commuting areas may be "normal commuting areas." In *Chambers v. Sears Roebuck & Co.*, the court addressed a scenario where an employer set, by policy, a commute time of thirty-five minutes each way for those employees who commuted directly between home and work sites in company vehicles. 793 F. Supp. 2d 938 (S.D. Tex. 2010), *aff'd*, 428 Fed. App'x. 400 (5th Cir., Jun. 15, 2011). Employees were compensated for any driving time after the initial thirty-five minute period. *Id*. at 948. The court held that a policy setting a "normal commuting area" of 35 minutes was reasonable, and the commute time thus non-compensable. *Id*. at 949.

*Chambers* presented a situation in which the normal commuting time was explicitly defined by company policy. In *Kavanagh v. Grand Union Co.*, 19 F. 3d 269, 272 (2d Cir. 1999),

the Second Circuit addressed a different scenario: one where the plaintiff employee traveled to different places each day, for an average of seven to eight hours of travel each day, and was not compensated for travel time. The court held that while the situation "strikes us as inequitable, nothing in the pertinent statutes and regulations required [defendant] to compensate [plaintiff] for his travel time." Further, "the regulations as currently written do not permit a construction that would require [defendant] to compensate [plaintiff] for his time spent traveling to the first job of the day and from the last job of the day . . . because this extensive travel was a contemplated, normal occurrence under the employment contract entered into between [the parties] 29 C.F.R. 785 forecloses [plaintiff's] compensation under the FLSA." *Id*. at 272-274.

The travel undertaken by Plaintiffs in this case was a "contemplated, normal occurrence under the employment contract." *Kavanagh*, 192 F.3d at 274. Although there was no precise length of commute specified by employer policy, as in *Chambers*, employees were on notice, by the nature of the employment, that travel was required. Employees were specifically aware of their assignment to particular service areas, bounded geographic areas in which they could be assigned to jobs. Plaintiffs have not demonstrated that they were assigned outside their service areas, such that the travel would not be an expected part of the job, nor have they alleged that their commutes were "extraordinary." DOL Opinion Letter, 1999 WL 10002360 (Jan. 29, 1999).

Plaintiffs misunderstand the law when they claim that each should be compensated, under the FLSA, for any commute in excess of the distance between his particular home and Defendant's offices. The Portal-to-Portal Act, as amended by the ECFA, specifies no particular limit an employer's "normal commuting area." Nowhere is it stated that the normal commuting area is specific to each individual employee; in fact, the word "normal" is directly contrary to such a construction. *See, e.g.*, *Chambers*, 428 Fed. App'x. 400 (approving employer policy

establishing the same 35-mile "normal commuting area" for all employees). Plaintiffs have not put forth any reasonable definition of what a normal commuting area would be in the context of their particular employment with Defendant. In contrast, Defendant's argument that the "normal commuting area" is the service area to which each employee is assigned is reasonable and comports with the intent and language of the ECFA. The Court thus finds that Plaintiffs' travel from job site to home was within Defendant's normal commuting area.

    *ii.     Written Agreement*

Plaintiffs also argue that their commutes were compensable under the ECFA because there was no "agreement" regarding the use of the vehicle. 29 U.S.C. § 254(a) (requiring use of the employer's vehicle be "subject to an agreement on the part of the employer and the employee or representative of such employee."). Plaintiffs reason that the "agreement" must be a specific agreement regarding the normal commuting area (ECF No. 73, at 4), but the ECFA contains no such requirement. In fact, the statute gives no specific requirements for the "agreement" under § 254(a), and the Department of Labor has indicated that the agreement need not even be a formal written document. *See* DOL Opinion Letter, 1997 WL 998025 (Jul. 28, 1997). In this case, however, there is a written agreement governing use of the vehicle (ECF No. 73, Ex. 2), and although it does not explicitly address commute distance, Plaintiffs put forth no evidence that the ECFA requires such a provision. The "agreement" portion of § 254(a) is, thus, satisfied.

In sum, the requirements of the ECFA are met in this case: 1) Plaintiffs commuted home from job sites, in company vehicles, within their employer's "normal commuting area;" and 2) use of the vehicles was subject to an agreement between employer and employee. Therefore, the commutes are non-compensable under 29 U.S.C. § 254(a). Amending the Complaint to add a claim for unpaid commuting time would be futile, and so amendment is denied. As Plaintiffs'

Motion to Amend Complaint (ECF No. 57) is **DENIED** in its entirety, Plaintiffs have no remaining claims in this case and the action will be dismissed.

### IV. Conclusion

For the reasons given in this Opinion, Defendant's Motion for Summary Judgment (ECF No. 46) is **GRANTED**, and Plaintiffs' Motion to Amend Complaint (ECF No. 57) is **DENIED.** As Plaintiffs' Motion to Amend Scheduling Order (ECF No. 58) sought to expand discovery in order to pursue claims in the proposed Amended Complaint, it is **DENIED as moot**. Likewise, Defendant's Motion to Exclude (ECF No. 59) is **DENIED as moot**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 12, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE